THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAVID JONES, | ) | Case No.   2:15-CV-00121 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| MIDLAND FUNDING, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff David Jones is being sued in Utah State Court by Midland Funding, LLC to collect an alleged delinquent debt. Around the time that litigation commenced, he filed the present case purporting to allege claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq..

In an order dated June 21, 2015 (Doc. #5), the Court on its own motion found that because Plaintiff's allegations were conclusory in nature and without sufficient factual detail to support his claim, the original Complaint failed to state a claim on which relief may be granted. Plaintiff was given leave to amend his complaint and put on notice that failure to plead sufficient facts and allegations in support of his claim in an Amended Complaint

would result in dismissal with prejudice.  On July 10, 2015, Plaintiff filed an Amended Complaint.  Defendants' Motion to Dismiss followed shortly thereafter.[1]

Defendants move to dismiss Plaintiff's Amended Complaint for failure to state a claim, or alternatively, to stay proceedings under the first-filed rule.  In support of their Motion to Dismiss Defendants have presented matters outside the pleadings. Because the Court does not exclude those matters presented by Defendants that are outside the pleadings, the Motion will be treated as one for summary judgment. Fed. R. Civ. P. 12 (d). The parties are to be given "a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.  To that end, notice generally must be given to the parties prior to conversion  "to prevent unfair surprise."  *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.)(quotation omitted), *cert. denied*, 484 U.S. 986 (1987).  However, it has been held that "there is no unfair surprise when a party submits material beyond the pleadings in support of or in opposition to a motion to dismiss because the party's actions 'put [ ] [him] on notice that the judge may treat the motion as a Rule 56 motion.'" *Calbart v. Sauer*, 504 Fed. Appx. 778, at * 2 (10th Cir. 2012).(quoting *Wheeler*, 825 F.2d at 260).  Plaintiff in response to the Motion  has presented his own matters outside the pleadings.  Here as in *Calbart*, because all parties have submitted matters outside of the Amended Complaint, the Court in the exercise of its discretion determines that additional notice is not required before treating

---

[1] Although Plaintiff characterizes his opposition as being directed at Defendants' Motion to Dismiss the Original Complaint, Mem. Opp'n at 1-2, the Motion to Dismiss was filed subsequent to the Amended Complaint and clearly refers to Plaintiff's "current complaint". Mem. Supp. at 2. Plaintiff's Opposition likewise includes attached exhibits filed in direct response to the Motion to Dismiss which the Court construes as being directed at the Amended Complaint.

Defendants' Motion as one for summary judgment. *See Calbart v. Sauer*, 504 Fed. Appx. 778, at * 2-3.

## II.  SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2] *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

## III.  DISCUSSION

Plaintiff asserts in his Amended Complaint that he has established a case against Defendants for violation of 15 U.S.C. §§ 1692(e) and (f).  Am. Compl. ¶ 29.   Section

---

[2]Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

1692(e) prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692(e).  Which as Plaintiff notes, includes the false representation of "the character, amount, or legal status of a debt".  *Id.* § 1692(e) 2(A).  Section 1692(f) provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", including as Plaintiff notes,  "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *Id.* at § 1692(f)(1).

In conclusory fashion Mr. Jones alleges that Defendants violated the FDCPA in multiple ways such as "[f]alsely representing the character, amount, or legal status of Plaintiff's debt, including making false statements of the amount owing on Plaintiff's debt, claiming an amount more than owed, claiming all sorts of fees that the company lacked the documentation to collect."  Am. Compl. ¶ 11.  *See also id.*  ¶¶ 33 & 34.[3]   In his opposing pleading, Plaintiff clarifies that his FDCPA claims are essentially that he does not owe the debt,  that Defendants falsely represented the amount owed, and that Defendants cannot produce documentary evidence upon which their claim is made.  *See* Mem. Opp'n at 5.

---

[3]Plaintiff does not plead how the debt amount sought by Defendants in state court misrepresents what is owed, other than to cite lack of documentation, no assignment of debt, and changing and growing debt amount.  He states generally that he "does not recall taking out a credit card with the defendants, but did have some business dealings with Key Bank in the past", Am. Compl. ¶ 2 , and "disputes that he owes any money on a credit card, or that the claimed debt was assigned to Defendant". *Id*. ¶ 23.

### A. Allegation that the Debt is not Owed.

Plaintiff's position that Defendants have violated the FDCPA because he does not owe the debt is without merit.  *See e.g. Nuss v. Utah Orthopaedic Associates*, P.C., No. 2:09-CV-647 TS, 2011 WL 3328708, at *4, (D. Utah Aug. 2, 2011)(internal quotation marks and citations omitted) ("[c]ourts have held that the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a false and misleading practices' claim under the FDCPA").

### B. False Representation of Debt - Attorney's Fees & Interest Charges

Plaintiff complains that "[t]he amount the Defendant's [sic] are attempting to collect include [sic] a changing and growing amount of debt over time, with additional interest, attorney fees, not expressly authorized by any written agreement, assignment agreement, or state law."  Am Compl. ¶ 37.

Plaintiff's claim that Defendants have violated the FDCPA because they are attempting to collect unauthorized attorney's fees and interest is rejected.  Defendants affirmatively state that they do not seek attorney's fees or prejudgment interest in the state court case.  *See* Mot. & Mem. Supp at 6.  The debt collection letters attached as exhibits to the Amended Complaint reflect as much.  Moreover, Plaintiff has offered no evidence that even suggest that the debt amount includes attorney's fees.

As for interest or finance charges, the Card Agreement, attached to both Defendants' and Plaintiff's pleadings, clearly authorizes finance charges.[4] The Court is not persuaded by Plaintiff's conclusory position that the Defendants are "using some arbitrary interest rate amount ... in order to guess at an amount due, and are therefore, deceptively claiming an amount due with interest owed, and are using deceptive and fraudulent practices in trying to get a judgment...". Mem. Opp'n at 5.

The record reflects that Defendants are not "clueless" or "guess[ing]" at the amount due as Plaintiff asserts. *Id.* Defendants provide the Affidavit of Aimee Dykes. Ms. Dykes, an employee of Citibank, N.A., states that a Credit Card Account was opened on 10/20/04, the Account holder's name was David Jones, the Account holder's Social Security number was xxx-xx-8924, and that on the day the Account was sold to Defendant Midland Funding LLC, there was due and payable $8,465.72. *See* Mot. & Mem. Supp., Ex. D. That is the exact amount claimed by Defendants both in the October 1, 2013 debt collection letter as well as in the state court complaint. See Am. Compl., Ex. C; Mot. & Mem. Supp., Ex. A.. Defendants clearly have not added to the amount due and payable set forth in Ms. Dyke's Affidavit. Plaintiff's claim of fraudulent and deceptive practices is

---

[4]The Court is not persuaded by Plaintiff's argument that the "Card Agreement with a date of 2006 significantly post-dates the dates [sic] that the credit card was allegedly issued in 2004, and could not have been the operative Agreement, so this Card is a knowingly false statement." Mem. Opp'n at 7. The date referenced by Plaintiff is a copyright date. Plaintiff makes no assertion that the referenced Card Agreement varies in any material way from any card agreement form in use in 2004. Nor does he offer any documentation to that effect, or in support of his conclusory claim that Defendants made a knowingly false statement for purposes of the FDCPA. Moreover, Defendants represent that Plaintiff relies on the very same Card Agreement to support his motion to compel arbitration that he filed in the state court litigation.

unsupported by any viable evidence that the debt amount is contrary to the referenced Card Agreement with Citibank or the law. For these reasons, Plaintiff's claim fails.

### C. Absence of Substantiating Documentation

Finally, Plaintiff complains that "Defendant's [sic] did not attach a copy of any agreement, copy of any assignment of debt, or copy of any signed charge slips or monthly account statements, to either the complaint, or with any initial disclosures, or at any time to date." Am. Comp. ¶ 27.

Courts have held that the FDCPA imposes no obligation on the debt collector to attach documentation to a state court collection complaint substantiating the amount of the debt. *See, e.g., Popson v. Galloway*, No. 10-CV-77E, 2010 WL 2985945 (W.D. Pa. July 27, 2010)(debt collector's actions in failing to attach substantiating documentation does not constitute the use of unfair or unconscionable means to collect or attempt to collect the debt in violation of § 1692(f)); *Clark v. Unifund CCR Partners*, No. 07-CV-0266, 2007 WL 1258113 (W.D. Pa. April 30, 2007)(filing a state court collection action without substantiating documentation is not deceptive under § 1692(e); and, *Richardson v. Midland Funding, LLC,* No. CCB-13-1356, 2013 WL 6719110 (D. Md. Dec. 18, 2013), *aff'd*, 583 Fed. Appx. 124 (4th Cir. 2014) ("debt collector's mere failure to offer evidence sufficient to prove its claim at the time it files a complaint is not prohibited conduct under the FDCPA").

In the absence of any contrary authority from Plaintiff supporting his position, his claim is rejected.

## IV.  CONCLUSION

For the reasons stated the Court concludes that there are no material facts in dispute and that Defendants are entitled to judgment as a matter of law.  Therefore, Defendants' Motion to Dismiss (Doc. #11),  which the Court treats as one for Summary Judgement, is granted,[5]   and Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk of Court is requested to enter final judgment for Defendants.

IT IS SO ORDERED.

DATED this 21st  day of September, 2015.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] Defendants' alternative motion for stay is moot in light of the Court's decision herein and is denied as such.